UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE THOMAS NOVAK, #640624,

        Petitioner,

                                 CASE NO. 2:12-CV-11374
v.                                    HONORABLE DENISE PAGE HOOD

CINDI CURTIN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner George Thomas Novak ("Petitioner") was convicted of one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c, following a jury trial in the Bay County Circuit Court. He was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to concurrent terms of 20 years to 40 years imprisonment and 10 years to 20 years 3 months imprisonment in 2007. In his pleadings, Petitioner raises claims concerning the effectiveness of trial counsel and the conduct of the prosecutor. For the reasons set forth, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis on* appeal.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. His habeas petition indicates that he exhausted his first habeas claim (ineffective assistance of counsel) in the Michigan courts, but did not do so with respect to his second habeas claim (conduct of the prosecutor).[1] Petitioner has thus failed to properly exhaust all of his claims in the state courts before proceeding on federal habeas review.

---

[1]To the extent that Petitioner raises ineffective assistance of counsel issues which were not specifically presented to the Michigan courts on direct appeal, such issues are unexhausted.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies). Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts by which to satisfy the exhaustion requirement. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted claims in the state

3

appellate courts as necessary. Petitioner therefore has additional remedies in the state courts which must be exhausted before seeking federal habeas relief.

Moreover, a stay of the proceedings is not warranted. First, the one year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on June 3, 2011, *see People v. Novak*, 489 Mich. 941, 798 N.W.2d 17 (2011), and the time for seeking a writ of certiorari with the United States Supreme Court expired on or about September 1, 2011. Petitioner dated his federal habeas petition on March 19, 2012. Less than seven months of the one-year period had expired when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than five months of the one-year period remains, Petitioner has sufficient time to fully exhaust his issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to previously raise his additional issues in the state courts before seeking federal habeas relief. Petitioner's unexhausted issues concern matters of federal law which do not appear to be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

**III.    Conclusion**

For the reasons stated, the Court concludes that Petitioner has not fully exhausted available state court remedies as to all of his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted issue(s) and proceed only on fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court dismisses a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a

5

certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.


Dated: May 17, 2012                  S/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge


I hereby certify that a copy of the foregoing document was served upon George Novak, 640624, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660 on May 17, 2012, by electronic and/or ordinary mail.

                                            S/LaShawn R. Saulsberry
                                            Case Manager